1  CRAIG H. MISSAKIAN (CABN 125202)
   United States Attorney
2
3  MARTHA BOERSCH (CABN 126569)
   Chief, Criminal Division
4  KELSEY C. DAVIDSON (CABN 322323)
   Assistant United States Attorney
5
       450 Golden Gate Avenue, Box 36055
6      San Francisco, California 94102-3495
       Telephone: (415) 436-6959
7      Fax: (415) 436-7027
       kelsey.davidson@usdoj.gov
8
   Attorneys for United States of America

**FILED**

Sep 11 2025

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | ) CASE NO. 25-CR-260-AMO |
|---|---|
| Plaintiff, | ) MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION FOR DETENTION |
| v. | ) Date: September 12, 2025 |
| JERMAINE GODFREY, | ) Time: 10:30 a.m. |
| Defendant. | ) Court: Hon. Thomas S. Hixson |

## I.    INTRODUCTION

On August 27, 2025, a federal grand jury in the Northern District of California returned a one-count Indictment charging the defendant, Jermaine Godfrey, with one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). *See* Dkt. 1. Law enforcement saw the defendant approach his brother while carrying a grey bag with yellow spots. The defendant then took a loaded gun from the bag and gave it to his brother. When officers moved in to arrest them, the defendant attempted to flee. He was caught a few feet away, and a second gun was found in the bag he had been carrying. The defendant was released before a federal indictment was returned against him. When law enforcement arrested him on the federal charge, he brought over 90 grams of cocaine into a local jail. The defendant also has a lengthy criminal history, including a voluntary manslaughter conviction for shooting

1  and killing an 18-year-old girl in a parking lot who was sitting in her car.  The defendant is both a danger
2  to the community and a significant flight risk, and there are no conditions or combination of conditions
3  that can secure the defendant's appearance before the Court or provide for the safety of the community.
4  The government respectfully requests that the Court order the defendant detained pending trial.

5  II.     **FACTUAL BACKGROUND**

6        On January 13, 2025, Oakland Police Department (OPD) were conducting a plainclothes
7  surveillance operation whey they saw the defendant's brother engaging in behaviors consistent with
8  selling narcotics.  The defendant—who was carrying a grey bag with yellow spots—approached his
9  brother, opened the bag, pulled out a gun, and handed it to his brother.




21        OPD moved to detain both of them.  In response, the defendant put the grey bag down, threw a
22  clear plastic bag over a driveway fence, and attempted to flee.  OPD arrested him a few feet away from
23  the bag, which contained a Glock 19 loaded with
24  18 rounds.   Additionally, the bag that the
25  defendant threw over the fence was recovered and
26  contained individually wrapped twists of
27  suspected cocaine base.  The defendant had
28  approximately $1,435 on his person.



UNITED STATES' DETENTION MEMO              2
25-CR-260-AMO

### III. LEGAL STANDARD

Under the Bail Reform Act of 1984, the Court must detain a defendant before trial without bail where "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person in the community." 18 U.S.C. § 3142(e)(1). Detention is appropriate where a defendant is either a danger to the community or a flight risk; the government need not prove that both factors are present. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). A finding that a defendant is a danger to the community must be supported by clear and convincing evidence, but a finding that a defendant is a flight risk need only be supported by a preponderance of the evidence. *Id.*

"[T]he Bail Reform Act mandates an individualized evaluation guided by the factors articulated in [18 U.S.C.] § 3142(g)." *United States v. Diaz-Hernandez*, 943 F.3d 1196, 1199 (9th Cir. 2019). Those factors are: (i) the nature and circumstances of the offense charged; (ii) the weight of the evidence against the defendant; (iii) the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, as well as whether the crime was committed while the defendant was on probation or parole; and (iv) the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986).

### IV. ARGUMENT

Pretrial detention is appropriate because the defendant's record demonstrates that he is a danger to the community and a significant flight risk.

#### A. The Defendant Is a Danger to the Community

##### 1. The Nature and Circumstances of the Offense and Weight of the Evidence Against the Defendant Demonstrate He is a Danger to the Community

At the time of his arrest, the defendant was in possession of a loaded firearm with a high-capacity magazine. That alone is sufficient to find that the defendant poses a danger to the community. *See, e.g.*, *United States v. Brewer*, 2013 WL 791312, at *2 (N.D. Cal. 2013) (carrying a loaded firearm weighed in favor of detention because it "indicate[d] that [the defendant] may be violent and pose a danger to the

community"). Moreover, minutes before his arrest, he gave a second loaded firearm to his brother. OPD saw and recorded the defendant giving the gun to his brother, and the discovery of the gun in the bag that the defendant was carrying is also on video. Further, the defendant was arrested on September 8, 2025 on the outstanding warrant in this case. The defendant was taken to a local facility where he was searched. Law enforcement found 94.61 gross grams of cocaine base on his person inside the jail. The cocaine was packed in several individual bags, indicating that the purpose of the possession was to sell it. Thus, both the nature and circumstances of the offenses and weight of the evidence weigh in favor of detention.




2.   The Defendant's History and Characteristics Reveal His Dangerousness

The defendant has seven prior convictions for selling narcotics and violence offenses. Although these convictions are dated, that is, in large part, due to the fact that the defendant was sentenced to six years in prison for a voluntary manslaughter conviction. In that case, the defendant walked up to a Wendys and stopped at a car that was parking in the parking lot. He fired into the passenger side window killing the female passenger—an 18-year-old who had just graduated from high school—and shooting (non-fatally) the girl's boyfriend. He spent approximately 5 years in jail and was released around June 2020.

After he was released, he continued to deal narcotics and possess guns. Besides the drugs he had at the time of his initial arrest and at the time of his arrest on the federal case, the defendant also had other

arrests for drugs. In December 2022, OPD approached the defendant and announced their presence in order to detain him pursuant to a search warrant. The defendant fled and ran towards his residence before OPD caught him. They searched him and found several twists of cocaine base totaling approximately 195 grams and $2,006. Additionally, in June 2025, the defendant was arrested for narcotics dealing and had 115 individual bags of cocaine and $3,295.

The defendant's lengthy history of narcotics related arrests combined with the fact that he killed an 18-year-old girl with a firearm highlight how dangerous he is and the threat he will pose to the community if released.

### B. The Defendant Poses a Significant Flight Risk

The defendant has also demonstrated a clear disregard for court orders, and it is clear that the defendant cannot be trusted to comply with any conditions of release given his frequent probation violations. *See, e.g.*, *United States v. Davis,* No. CR-13-0130 YGR KAW, 2013 WL 1195694, at *3 (N.D. Cal. Mar. 21, 2013) (finding violations of parole can support risk of flight); *United States v. Atikilty*, No. CR1300256PJHKAW, 2013 WL 3369315, at *2 (N.D. Cal. July 5, 2013) (finding that a history of probation and parole violations, some of which resulted in additional jail time, indicate that defendant "is not amenable to community supervision"); *United States v. Hicks*, No. 2:17-CR-00027-TLN, 2021 WL 5166204, at *2 (E.D. Cal. Nov. 5, 2021) (finding detention warranted when, among other things, defendant has a "history of parole and probation violations" which "show an unwillingness to abide by the Court's rules"). The defendant previously had his probation revoked at least four times (probation revoked 8/14/1999 and 30 days' jail added, probation revoked 12/13/1999 and 30 days' jail added, probation revoked 5/23/2000 and 3 years' prison added, and probation revoked 7/20/2015). He also committed voluntary manslaughter while released on bail in another case.

Additionally, the defendant has a history of evading police and obstruction. He has a 2001 misdemeanor conviction for giving false information to a police officer and numerous arrests for giving false identification, evading police, and obstructing/resisting officers. *See e.g., United States v. Murrington*, No.CR 13-70444-MAG KAW, 2013 WL 2443260, at *4 (N.D. Cal. June 4, 2013) (finding defendant was a flight risk when, among other things, defendant had previous convictions for attempting to evade arrest and obstruct an executive office); *United States v. Alfonso Ramos*, No. 320-MJ-71799-

MAG1-EJD, 2020WL 7714535, at *4 (N.D. Cal. Dec. 29, 2020) (finding defendant was flight risk, in part, because he was arrested at least three times for resisting or obstructing a police officer). He also attempted to flee in this case when officers moved to detain him and his brother. The probation violations combined with his history of evading release demonstrates that the defendant is a flight risk.

V. **CONCLUSION**

There are no set of conditions that will reasonably assure the appearance of the defendant at court proceedings or ensure the safety of the community. The Court should order the defendant detained pending trial.

DATED: September 11, 2025                                    Respectfully submitted,

                                                             CRAIG H. MISSAKIAN
                                                             United States Attorney


                                                             ___/s/_____
                                                             KELSEY C. DAVIDSON
                                                             Assistant United States Attorney